The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
This is in response to your request for an opinion regarding Act 76 of 1987. Your questions, restated, are as follows:
 1. Does the transfer of a white female from a district which is more than 75% white to a district which is 65% white and 35% black and which is under a desegregation-related court order `negatively affect the racial balance of that district' under Section 2 of Act 762 of 1987?
 2. If the answer is that it would not negatively affect the racial balance, what actions are necessary on the part of both school boards to accomplish this transfer?
A review of Act 762 of 1987, codified at A.C.A. 6-18-316 through6-18-318 (Supp. 1987), clearly indicates that these questions can only be answered with specific reference to the particular desegregation-related court order. Section 6-18-317 (Supp. 1987) states in pertinent part:
(a) Board of directors of local school districts are prohibited from granting legal transfers in the following situations:
 (1) Where either the resident or the receiving district is under a desegregation-related court order or has ever been under such a court order; and
 (2) The transfer in question would negatively affect the racial balance of that district which is or has been under such a court order.
The phrase "racial balance of that district" may reasonably be interpreted as referring to the balance that is discussed and/or specified in the court order. Thus, the school boards must consider the particular order involved in order to determine whether the "racial balance" will or will not be negatively affected.
It must be noted in this regard that the order referenced in your request has not been supplied, nor have we been successful in several attempts to locate such an order. We would hesitate to suggest the propriety of a transfer in this instance.
We would point out, however, that A.C.A. 6-18-318 (Supp. 1987) may offer a procedure whereby a waiver could be obtained, assuming that the district is not currently under a desegregation-related court order, but has been in the past. Section 6-18-318(a) (Supp. 1987) authorizes the district's application in that instance for a waiver of the prohibition contained in 6-18-317(a). Subsection (b) of such a waiver ". . . if it is determined that the district's desegregation status would not be adversely affected by allowing a legal transfer which would negatively affect the district's racial balance."
If the district is currently under such an order, we would suggest applying to the court for resolution of the issue under the particular facts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth a. Walker.